IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| METROPOLIS HOLDINGS, LLC, | Case No. 3:20-cv-00612-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SP PLUS Corporation, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Metropolis Holdings, LLC ("Metropolis"), filed this action against SP Plus Corporation ("SP Plus"), asserting state law claims for breach of contract and fraud. SP Plus moves to dismiss Metropolis' fraud claim on the grounds that it does not meet the FED. R. CIV. P. 9(b) heightened pleading standard and is not actionable. (ECF No. 16.) Metropolis moves for partial summary judgment on its breach of contract claim. (ECF No. 14.)

The Court has jurisdiction over Metropolis' claims pursuant to 28 U.S.C. § 1332, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons described below, the Court grants SP Plus' motion to dismiss and denies Metropolis' motion for partial summary judgment.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Independent Development Enterprise Alliance ("IDEA") and Central Parking System of Washington ("CPS") entered into a ten-year General Partnership Agreement to form Portland Parking Associates ("PPA") on October 3, 2011. (Compl. Ex. 1 ("PPA") at 1, ECF No. 1-1.). The parties entered into the PPA for the purpose of "operating, managing, and acquiring public parking management and revenue contracts, within a sixty (60) mile radius of Portland, Oregon." (Compl. ¶ 6, PPA at 2.) Pursuant to the PPA's terms, IDEA would receive 30% of the net profits with CPS retaining the other 70%, IDEA would receive 80% of monthly cashflow, IDEA could request and inspect PPA's books, receipts, and records, and IDEA could assign its interest to any entity majority owned by Roy Jay Harris ("Harris"), the owner of IDEA. (PPA at 6-10.)

CPS and IDEA modified the agreement on April 24, 2013, in a Memorandum of Understanding ("MOU"). (Compl. Ex. 2 ("MOU") at 1, ECF No. 1-2.) The MOU modified the PPA to require CPS to pay IDEA $10,000 a month as a fixed monthly partnership fee. (MOU at 1.) In 2013, CPS assigned its interest in the PPA to SP Plus. (Compl. ¶ 9.) On or about August 21, 2014, IDEA assigned its interest in the PPA to Metropolis. (Compl. ¶ 10.)

In its complaint, Metropolis alleges that SP Plus breached the PPA and MOU:

  (a) By failing to pay or account for eighty percent (80%) of cashflow from operations on a monthly basis;

  (b) By failing to pay or account for thirty percent (30%) of net profits;

  (c) By failing to provide copies of books and records demonstrating the calculation of cashflow and net profits;

  (d) By failing to account for all contracts and revenues in a sixty (60) mile radius of Portland;

PAGE 2 – OPINION AND ORDER

   (e)  By failing to pay ten thousand dollars ($10,000) a month under the MOU; and

   (f)  By failing to disclose and account for other management contracts[.]

(Compl. ¶ 17.) Metropolis also alleges that SP Plus made fraudulent representations in the PPA and MOU that SP Plus would perform the contractual terms (a)-(f) above, with knowledge that its representations were false. (Compl. ¶¶ 20-26.)

**ANALYSIS**

**I.  STANDARDS OF REVIEW**

  **A.  Motion to Dismiss**

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678)).

  **B.  Summary Judgment**

  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of*

PAGE 3 – OPINION AND ORDER

*Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

## II.    SP PLUS MOTION TO DISMISS

SP Plus moves to dismiss Metropolis' fraud claim because (1) the claim does not satisfy the FED. R. CIV. P. 9(b) heightened pleading standard; and (2) it is duplicative of the breach of contract claim. (Def.'s Mot. to Dismiss at 4-8.)

### A.    FED. R. CIV. P. 9(b)

"Under Rule 9(b), a plaintiff 'must state with particularity the circumstances constituting fraud.'" *Puri v. Khalsa*, 674 F. App'x 679, 687 (9th Cir. 2017) (quoting FED. R. CIV. P. 9(b)). In other words, "the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false." *Id.* (citations omitted); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("That is, the pleading must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" (quoting *Twombly*, 550 U.S. at 556)).

To state a fraud claim under Oregon law, a plaintiff must allege with particularity that: "[1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation [w]as false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance." *Great Am. Ins. Co. v. Lindeman,* 116 F. Supp. 3d 1183,

PAGE 4 – OPINION AND ORDER

1192 (D. Or. 2015) (quoting *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 352 (2011), *adhered to on reconsideration*, 350 Or. 521 (2011)).

The Court agrees that Metropolis' fraud claim does not satisfy the pleading standard required by FED. R. CIV. P. 9(b).

First, with respect to pleading "who" made the representations, Metropolis generally alleges that SP Plus made misrepresentations in connection with the PPA, executed in 2011, and the MOU, executed in 2013, but Metropolis also alleges in the complaint that SP Plus was not a party to those agreements at the time of their formation. Pursuant to Metropolis' own allegations, SP Plus could not have made any misrepresentations in connection with the negotiation or formation of the relevant contracts.

Second, with respect to pleading "when" the fraud allegedly occurred, Metropolis alleges that the fraudulent statements were included in the PPA, executed in 2011, and the MOU, executed in 2013. (*See* Pl.'s Resp. at 5 ("Metropolis alleges that at the time the representations were made, which was at the execution of the PPA and the MOU (respectively, October 3, 2011 and April 24, 2013), SP Plus either knew they were false or made them recklessly without knowledge of their truth or falsity.")). If Metropolis is alleging fraud only in connection with the formation of those two agreements, it appears the fraud claim is time barred. *See* OR. REV. STAT. § 12.110(1) (providing a two-year limitations period for fraud claims).

Third, Metropolis fails to allege any facts from which the Court could infer that SP Plus acted with knowledge of falsity or with intent to defraud. With respect to those elements, Metropolis pleads only conclusory allegations: "SP Plus made these representations to Metropolis with the intent that Metropolis rely upon them, and, at the time the representations were made, SP Plus either knew they were false or made them recklessly without knowledge of

PAGE 5 – OPINION AND ORDER

their truth or falsity." (Compl. ¶¶ 20-26.) Metropolis argues that the Court should infer that SP Plus "had no intention of honoring the PPA" by the fact that it did not perform under the contract and did not respond to Metropolis' requests for books and records.[1] (Pl.'s Resp. at 5.)

As an initial matter, Metropolis has not alleged that SP Plus was a party to the relevant contracts at the time of their formation, and therefore SP Plus could not have acted with knowledge of falsity or formed any fraudulent intent at the time of contract formation with respect to its ability to perform. But even if SP Plus was a party to the contracts at the time of formation, the fact that SP Plus later did not perform does not create an inference that it never intended to perform. *See Sizer v. New England Life Ins. Co.*, 871 F. Supp. 2d 1071, 1079 (D. Or. 2012) ("To establish a defendant's fraudulent intent regarding a promise to act in the future, a plaintiff must do more than show the eventual breach of that promise." (citing *Webb v. Clark*, 274 Or. 387, 393 n.2 (1976) and *Conzelmann v. Nw. Poultry & Dairy Prods. Co.*, 190 Or. 332, 352 (1950))); *see also Webster v. Brookdale Senior Living Cmty.*, No. 3:16-cv-01060-AA, 2018 WL 1508871, at *4 (D. Or. Mar. 27, 2018) (holding that the plaintiff failed to state a fraud claim where although the plaintiff alleged facts to support an inference that the defendant's motives changed over time, "there are insufficient allegations to suggest that *at the time of the representations*, defendant intended to defraud plaintiff"). In the absence of facts to support an inference that SP Plus knew at the time of contract formation that it would not perform the PPA or MOU contracts, Metropolis fails to state a fraud claim.

For these reasons, the Court grants SP Plus' motion to dismiss Metropolis' fraud claim for failure to plead with particularity as required by FED. R. CIV. P. 9(b).

---

[1] Metropolis' argument that SP Plus "had no intention of honoring the PPA" when it entered into the PPA is contradicted by its own allegations that SP Plus (or its predecessor) made payments under the PPA for several years. (Compl. ¶ 1.)

PAGE 6 – OPINION AND ORDER

B.     Actionability of the Fraud Claim

SP Plus also seeks dismissal of Metropolis' fraud claim on the ground that a fraud claim based on the same facts as a breach of contract claim is not actionable. (Def.'s Mot. to Dismiss at 4.) In the complaint, Metropolis alleges that SP Plus breached the PPA and MOU contracts by failing to perform several obligations under the contracts (listed at (a)-(f)), and also alleges that SP Plus engaged in fraud by representing that it would perform items (a)-(f) despite knowing at the time that its representations were false. (Compl. ¶¶ 17, 20-22.) SP Plus argues that the failure to perform contractual obligations, without more, cannot support both a breach of contract and fraud claim. (Def.'s Mot. to Dismiss at 4.)

SP Plus is correct that the general rule under Oregon law is that a fraud claim cannot be premised only on a promise not performed. *See, e.g., Butte Motor Co. v. Strand*, 225 Or. 317, 321 (1960) ("[T]he failure to perform a promise relating to future action or conduct does not constitute fraud."); *Hill Meat Co. v. Sioux-Preme Packing Co.*, No. CIV. 08-1062-SU, 2009 WL 1346606, at *7 (D. Or. May 13, 2009) ("Harm caused by a breach of a promise is actionable through a breach of contract action, not a fraud claim."); *Int'l Mktg. Ltd. v. Archer Daniels Midland Co.*, No. 97-1328, 1998 WL 1180157, at *12 (D. Or. Apr. 10, 1998) (applying Oregon law and dismissing fraud claim because "[a] promise to perform an action is not a false representation actionable in a fraud claim").

However, a fraud claim based on a promise not performed may be actionable if the party never intended to perform the contract or acted with reckless disregard regarding its ability to perform. *See Hill Meat*, 2009 WL 1346606, at *6 ("A promise to do an act in the future is not actionable as fraud unless there is either a present intent not to perform or reckless disregard regarding the ability to perform.") (citations omitted); *see also Butte Motor*, 225 Or. at 321-22

("The general rule . . . is that fraud cannot be predicated on a promise not performed" and there must be "allegations . . . that the representations were falsely and fraudulently made with intent to deceive") (citations and quotation marks omitted).

Here, Metropolis vaguely alleges that when SP Plus entered into the PPA and MOU contracts, "SP Plus either knew [its promises to perform] were false or made them recklessly without knowledge of their truth or falsity." (Compl. ¶ 22.) As discussed above, Metropolis has failed to plead with particularity that SP Plus agreed to the contractual terms with knowledge that it would not perform its obligations under the contract. See Int'l Mktg, 1998 WL 1180157, at *11 (holding that "plaintiff cannot maintain its fraud claims because they duplicate its breach of contract claims" where "[t]here is no allegation that [the defendant] lacked the intent to fulfill his performance at the time of making the promise or that the promise was made with reckless disregard of his ability to perform"). Thus, although Oregon law allows Metropolis to allege a fraud claim based on allegations that SP Plus never intended to perform the contract, Metropolis must plead with particularity facts in support of those allegations, and has failed to do so here. See Hill Meat, 2009 WL 1346606, at *6 (dismissing fraud claim with leave to amend, directing the plaintiff to "allege facts that show [the defendant] made [the] statements either with a present intent not to perform or a reckless disregard regarding the ability to perform" and noting that "Oregon courts [are] 'reluctant to convert a breach of contract claim into a fraud claim without additional allegations and proof of fraudulent intent" (citing Olsen v. F & D Publ'g Co., 160 Or. App. 582, 593 (1999))).

### III.  METROPOLIS MOTION FOR PARTIAL SUMMARY JUDGMENT

Metropolis moves for summary judgment on its contract claim, and SP Plus asks the Court to deny the motion pursuant to FED. R. CIV. P. 56(d) because the parties have not yet engaged in discovery. (Def.'s Opp'n at 8.)

PAGE 8 – OPINION AND ORDER

A.    **Legal Standards**

"Federal Rule of Civil Procedure 56 provides that if a nonmovant shows by affidavit or declaration that, 'for specified reasons, it cannot present facts essential to justify its opposition,' the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Kauffman v. Orrego*, No. 1:19-cv-01240-MC, 2019 WL 6220982, at *3 (D. Or. Nov. 21, 2019) (quoting FED. R. CIV. P. 56(d)). The denial of a Rule 56(d) application is disfavored "where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

"A lesser showing of specificity may be appropriate, however, before discovery has taken place, because the party making a Rule 56(d) motion 'cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.'" *Kauffman*, 2019 WL 6220982, at *3 (quoting *Burlington N. Santa Fe RR. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)).

B.    **Analysis**

Metropolis filed its motion for partial summary judgment early in the case, before SP Plus responded to the complaint, the Court held a scheduling conference, or the parties engaged in discovery. Although the timing of the motion was not impermissible under the rules, the early filing supports SP Plus' request to defer consideration. *See Burlington*, 323 F.3d at 773 ("Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(d) motion freely." (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846

PAGE 9 – OPINION AND ORDER

(9th Cir. 2001))); *Kauffman*, 2019 WL 6220982, at *3 (denying motion for summary judgment, with leave to refile after limited discovery, where it "was filed only a few weeks after the Answer and before any substantive discovery could take place").

      Further, SP Plus' explanation of its need for discovery before responding to the motion is well taken. In its response and declarations, SP Plus identifies specific, relevant information that may support its defenses. Although Metropolis disputes the merits of SP Plus' proffered defenses, the parties have presented conflicting evidence relevant to disputed material facts. *See Kauffman*, 2019 WL 6220982, at *3 (finding that where the parties submitted conflicting evidence on a dispositive issue, "the Court believes that it would be premature to grant summary judgment before any discovery has taken place"); *Fellows v. Scottsdale OP Co. LLC*, No. CV-10-03209-PHX-DLR, 2019 WL 1959931, at *2 (D. Ariz. May 2, 2019) (denying the defendant's motion for summary judgment based on finding "that it is not appropriate to resolve these potentially dispositive issues before [the plaintiff] has had the opportunity to conduct discovery"). Under the circumstances here, summary judgment is premature, and therefore the Court denies Metropolis' motion for partial summary judgment with leave to refile after the parties have engaged in discovery.

///
///
///
///
///
///
///

## CONCLUSION

For the reasons stated, the Court GRANTS SP Plus' motion to dismiss (ECF No. 16), and dismisses Metropolis' fraud claim with leave to amend. If Metropolis is able in good faith to cure the pleading deficiencies identified herein, it may file an amended complaint by August 19, 2020. If Metropolis does not file an amended complaint, the case will proceed on Metropolis' breach of contract claim only. The Court DENIES Metropolis' motion for partial summary judgment (ECF No. 14), with leave to refile following discovery.

DATED this 5th day of August, 2020.

HON. STACIE F. BECKERMAN
United States Magistrate Judge